[Cite as *Smith v. Smith*, 2015-Ohio-4815.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JENNIFER S. SMITH, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-03-056 |
| | : | O P I N I O N |
| - vs - | | 11/23/2015 |
| | : | |
| KEVIN D. SMITH, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2014-05-0432

Gena Larison Prall, 10 Journal Square, Suite 400, Hamilton, Ohio 45011, for plaintiff-appellant

Richard P. Arthur, 1634 South Smithville Road, Dayton, Ohio 45410, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Jennifer S. Smith (Wife) appeals a decision of the Butler County Common Pleas Court, Domestic Relations Division, awarding spousal support to Kevin D. Smith (Husband). For the reasons set forth below, we find that the trial court abused its discretion in determining the amount and duration of spousal support.

{¶ 2} The parties were married on September 1, 2007. There were no children born

issue of the marriage. On May 2, 2014, Wife filed a complaint for divorce.

{¶ 3} At the time of the filing of the complaint for divorce, Husband was employed at Republic Wire, Inc. Husband's employment with Republic Wire was subsequently terminated and he was unemployed at the time of trial. Wife was employed full-time with Cincinnati Financial Corporation, and part-time with Jungle Jim's.

{¶ 4} The trial court, in its March 2, 2015 judgment entry decree of divorce, ordered that Wife pay spousal support in the sum of $700 per month to Husband for a period of ten months.

{¶ 5} Wife now appeals the trial court's decision, raising a single assignment of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF [WIFE] WHEN IT ORDERED PLAINTIFF TO PAY DEFENDANT SPOUSAL SUPPORT IN THE SUM OF $700.00 PER MONTH FOR 10 MONTHS.

{¶ 8} Within this assignment of error, Wife argues that the trial court erred in determining both the amount and duration of spousal support. She asserts that the trial court misstated the extent of her monthly expenses and exceeded the duration of spousal support that Husband stated was necessary.

{¶ 9} A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *E.g., Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 10.

{¶ 10} In its decision setting forth the amount and duration of spousal support, the trial court found that,

Wife's monthly expenses for taxes, insurance, electric, gas,

water, sewer, trash removal, telephone, cable, home maintenance and repair, health insurance, health care needs, prescriptions, groceries, dining, gasoline, vehicle maintenance and repair[,] clothing, laundry, personal needs, enrichment and the like is approximately $1,390.00.

{¶ 11} However, a review of the record reveals that $1,390 is Wife's listed expense for rent alone. The trial court thus failed to include more than $2,000 per month of additional expenses set forth by Wife in her affidavit of expenses.[1]

{¶ 12} The trial court also ordered that Wife pay spousal support to Husband for a period of ten months. However, at the final contested hearing, Husband stated that he only needed spousal support for a period of three to four months, at which point he believed he would be able to return to work. The trial court offered no explanation for ordering the significantly greater duration of spousal support than what Husband indicated would be necessary for his return to employment.

{¶ 13} Thus, we find that the trial court abused its discretion in miscalculating Wife's total expenses and in awarding spousal support for greater than twice the duration that was requested by Husband.

{¶ 14} In light of the foregoing, having found that the trial court abused its discretion in determining the amount and duration of spousal support, Wife's sole assignment of error is sustained.

{¶ 15} Judgment reversed and remanded for further proceedings consistent with this opinion.

PIPER, P.J., and S. POWELL, J., concur.

---

1. We note that Wife failed to total her expenses in the affidavit of expenses. While it should not be the duty of the court to total these expenses, we nonetheless must find error where the expenses were not properly calculated.